**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CELSO MORENO-GARCIA, | NO. C09-856-JLR-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, | |
| Respondent. | |

On June 22, 2009, petitioner Celso Moreno-Garcia filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention without bond by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. Dkt. 6. He requests that this Court order his release from custody on conditions or reasonable bond, arguing that his detention without bond violates his due process rights. *Id*. On September 16, 2009, however, respondent filed a case status update and attached documentation indicating that petitioner received an individualized bond hearing before an Immigration Judge on September 15, 2009, and was granted bond in the amount of

REPORT AND RECOMMENDATION - 1

$20,000. Dkt. No. 21. Because petitioner has been accorded all of the relief sought in his habeas petition, his Petition for Writ of Habeas Corpus is now moot and should be dismissed.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 18th day of September, 2009.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge